EICHHOLD et al. v. TIFFANY.

(Supreme Court, Appellate Division, First Department. May 6, 1898.)

Application for reargument. Denied.

For former opinion, see 50 N. Y. Supp. 964.

Reargued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

PER CURIAM. The court, in the disposition of this appeal, overlooked none of the grounds which are stated upon this application for reargument. The testimony entirely justified the statement of the opinion in respect to the manner in which the goods sold were charged. At folio 44 the evidence is that the goods were sold to Young & Brüns, marked to Young & Bruns, and charged in a manner including both the names of B. C. Young and O. A. Bruns, under the firm name of Young & Co. Now, there is no guaranty of "Young & Co." In regard to the point that the court overlooked the testimony that the defendant Tiffany personally recognized Young & Bruns as the persons guarantied, and his liability for sales to them, it is sufficient to say that there is no such evidence in the case. The testimony is that, after Young & Bruns failed, one of the plaintiffs called upon the defendant Tiffany, and told him that he had received a letter that these people had failed; that Tiffany asked him as to the amount of the guaranty, and, upon being told the amount, he said: "Mr. Williams is attending to the matter; he always attended to it. I will refer it to him." There is no evidence whatever in this testimony that Tiffany in any way admitted any liability, except in the words of the guaranty. It does not appear who it was that the plaintiff Eichhold said had failed. If the firm of Young & Bruns had failed, then it was not within the guaranty; and, if the statement was that B. C. Young

& Co. had failed, then there was nothing to call Tiffany's attention to the fact that the sales had been made to another firm. There is no evidence as to what Williams did subsequent to this time. He certainly had no authority to bind Tiffany before. As was stated in the opinion, the plaintiffs were having dealings with B. C. Young & Co. when they wanted to hold Tiffany upon his guaranty. Upon all other occasions they were dealing with Young & Bruns.

The motion should be denied, with $10 costs.